UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

RACHEL ROSE,                                          : CASE NO. 1:18 CV 2012
:
    Plaintiff,                    :
:
vs.                                                   : OPINION & ORDER
:
CUYAHOGA COUNTY DEPARTMENT                            :
OF CHILDREN AND FAMILIY                               :
SERVICES,                                             :
:
    Defendant.                    :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Rachel Rose has filed this *in forma pauperis* civil rights action under 42 U.S.C. § 1983 against the Cuyahoga County Department of Children and Family Services (DCFS). In a complaint and an amended complaint, she alleges that her constitutional rights, and the rights of her husband Joseph Rose, have been violated during a state custody dispute involving her minor children. (Doc. Nos. 1, 3.)

She alleges that state-court proceedings regarding her children, who have been removed from her home, began in May 2017. She was informed when the "process first began" that DCFS "would start reunification and transition" her children back into her care and custody if she obtained six months of sobriety. (Doc. No. 3 at 1-2.) She contends she has maintained her sobriety, "completed [her] case plan as asked by [DCFS]," and that all of her urine tests have been negative for drugs. (*Id*. at 2.) However, hair follicle tests she has taken have continued to test positive for drugs, and DCFS has reported those results to the judge in the custody case. (*Id*.)

The plaintiff contends that because "[d]rugs can stay in a person[']s hair up to 3 months after the last use, up to years depending on the drugs used and also the person[']s metabolism, . . .

the only way the hair samples can be properly monitored is by being able to obtain the drug detailed report which shows the level of drugs in your hair follicle." (*Id*.) She contends she has asked whether she could receive "the levels that come[] with the drug test that [she] and [her] husband submitted," but DCFS has informed her that its contract with Advantage Healthcare, which administers the tests, restricts DCFS's ability to obtain such a detailed drug report. (*Id*.)

Seeking damages and other relief, the plaintiff contends DCFS's contract with Advantage Healthcare violates her constitutional rights because she has been deprived of evidence (*i.e*., evidence showing that the drug levels in her hair follicles are dropping) that would help her reunite with her children. She appears to contend she has been unable to raise this argument in through lawyers who have been appointed to represent her in her custody case.

Because the plaintiff is proceeding *pro se*, she may only represent herself and not the interests of any one else. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . ."). Accordingly, any allegations the plaintiff purports to make on behalf of her husband in this case are disregarded.

Upon review of the plaintiff's complaint under 28 U.S.C. § 1915(e),[1] the Court finds that her action may go forward. Parents have a fundamental liberty interest in the custody of their children, and any intervention in a relationship between a parent and a child must be accomplished through procedures meeting the requirements of the Due Process Clause. *Teets v. Cuyahoga County, Ohio, et al*., 460 F. App'x 498 (6th Cir. 2012). The Court cannot conclude on the basis of the plaintiff's pleadings alone that she has no plausible claim on which she may be granted relief under § 1983.

---

[1] Federal district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and dismiss before service any such action to the extent it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Case No. 1:18CV02012
Gwin, J.

Accordingly, the plaintiff's motion to proceed *in forma pauperis* in this case (Doc. No. 2) is granted, and her action may proceed as against DCFS. The Clerk's Office is hereby directed to forward the appropriate documents to the U.S. Marshal for service of process on DCFS, and **a copy of this Order shall be included with the documents to be served**.

IT IS SO ORDERED.


Dated: January 9, 2019                    *s/    James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE