UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| RACHEL ROSE, | CASE NO. 1:18-cv-2012 |
| Plaintiff, | |
| vs. | ORDER [Resolving Doc. 12] |
| CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Rachel Rose brings this *in forma pauperis* 42 U.S.C. § 1983 action against the Cuyahoga County Department of Children and Family Services arising from a state custody dispute involving Rose's minor children. On February 8, 2019, Plaintiff Rose moved for the appointment of counsel.[1]

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel."[2] District courts have substantial discretion as to whether to request an attorney for a plaintiff.[3] The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether "exceptional circumstances" exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.[4] Appointment of counsel ... is not appropriate when a *pro se* litigant's claims are frivolous, or when the

---

[1] Doc. 12.
[2] 28 U.S.C. § 1915(e)(1).
[3] *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).
[4] *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (internal quotations and citations omitted).

Case No. 1:18-cv-2012
Gwin, J.

chances of success are extremely slim.

At the very least, however, district courts should request an attorney to represent the plaintiff when lack of representation would otherwise result in "fundamental unfairness impinging on due process rights."[5]

At this time, the Court declines to exercise its discretion to request an attorney to represent Plaintiff Rose. Although Plaintiff Rose alleges violations of her due process rights, her suit does not appear to involve particularly complex factual and legal questions. Further, it does not appear that Rose has first tried asking any local attorneys to represent her on a pro bono or contingency-fee basis.

Accordingly, the Court **DENIES** Plaintiff's motion for the appointment of counsel.

IT IS SO ORDERED.

Dated: March 4, 2019         *s/ James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[5] *Reneer*, 975 F.2d at 261 (quoting *Caruth v. Pinkney,* 683 F.2d 1044, 1048 (7th Cir. 1982)).